IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUIS CARLOS PENA-MARQUEZ,

      Movant,

vs.	No. CV 16-00353 JGC/GJF
                               No. CR 15-04047 JGC

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Luis Carlos Pena-Marquez, on April 27, 2016. (CV Doc. 1; CR Doc. 19). In his Motion, Pena-Marquez makes three arguments: (1) that his conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the charge and the consequences of the plea; (2) that he received ineffective assistance of counsel; and (3) that he was denied the right of appeal. (CV Doc. 1 at 2-4; CR Doc. 19 at 2-4). The Court determines that Pena Marquez knowingly and voluntarily entered into the plea agreement, that he received effective assistance of counsel, and that he waived his appeal right in the plea agreement. Therefore the Court denies Pena-Marquez's § 2255 Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Luis Carlos Pena-Marquez was charged with Reentry of a Removed Alien in violation of 8 U.S.C. §§ 1326(a) and (b). (CR Doc. 10). Pena Marquez pled guilty under a Fast Track Plea Agreement on November 16, 2015. (CR Doc. 13). The plea agreement provided that

1

Pena-Marquez would receive an offense level reduction for acceptance of responsibility and an additional offense level reduction pursuant to USSG § 5K3.1.  (CR Doc. 13).  Under USSG § 2L1.2, Pena-Marquez's base offense level was 8 (Presentence Report ("PSR") at ¶ 10).  Pena-Marquez was assessed a 16-level increase based on his prior felony drug trafficking conviction in Arizona.  (PSR at ¶¶ 11, 24). After the 3-level reduction for acceptance of responsibility and a 4-level reduction under USSG § 5K3.1, Pena-Marquez's total offense level was 17.  (PSR at ¶ 19).  His total criminal history score was six, establishing a criminal history category of III.  (PSR at ¶ 27).  The advisory guideline range was 30 to 37 months of imprisonment.  (PSR at ¶ 50).

In the Fast Track Plea Agreement, Pena-Marquez also agreed to waive "the right to appeal the defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law," as well as "any collateral attach to the defendant's conviction(s) and any sentence including any fine, pursuant to 28 U.S.C. §§§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance."  (CR Doc. 13 at 6).  At the plea hearing, the Court and defense counsel reviewed the terms of the Fast Track Plea Agreement with Pena-Marquez, and he stated that he understood the plea agreement. (Doc. 10-1 at 1-13).

On February 22, 2016, the Court accepted the Fast Track Plea Agreement and sentenced him to 30 months imprisonment.  (CR Doc. 17, 18). Based on his arrest for unauthorized reentry, the Arizona Probation Office filed a petition to revoke his supervised release in the Arizona District Court.  The petition was transferred to New Mexico.  The Court sentenced Pena-Marquez to twelve months imprisonment, with nine months to be served concurrently with and three months to be served consecutive to his sentence in CR 15-04047 JGC.  (See CR 16-01028 WJ, Doc. 5, 17).

Pena-Marquez then filed his pro se § 2255 Motion on April 27, 2016. (CV Doc. 1; CR Doc. 19). In his Motion, Pena-Marquez raises three ineffective assistance of counsel claims:

(1) he did not understand the consequences of pleading guilty due to ineffective assistance of counsel;

(2) his counsel was ineffective in failing to object to sentencing enhancements; and

(3) he was denied his right to appeal due to ineffective assistance of counsel. (CV Doc. 1 at 2-4; CR Doc. 19 at 2-4). The United States filed its Response in opposition to the § 2255 Motion on September 16, 2016. (CV Doc. 10; CR Doc. 27). Attached to the United States' Response are the transcript of Pena-Marquez's November 16, 2015 plea hearing (CV Doc. 10-1; CR Doc. 27-1) and the Affidavit of Barbara A. Mandel, counsel for Pena-Marquez in his criminal case (CV Doc. 10-2; CR Doc. 27-2). Through appointed counsel, Pena-Marquez then submitted a Reply to the United States' Response. (CV Doc. 14-1; CR Doc. 30-1). In the Reply, Pena-Marquez specifically claims that his counsel rendered ineffective assistance by filing to object to the 16-level enhancement under USSG § 2L1.2 and in failing to consider new sentencing guidelines that were to take effect November 1, 2016. (CV Doc. 14-1 at 1-3; CR Doc. 30-1 at 1-3).

## II. ANALYSIS OF PENA-MARQUEZ'S CLAIMS

In essence, Pena-Marquez's § 2255 Motion claims that he received ineffective assistance of counsel in negotiating and entering into the Fast Track Plea Agreement and during the sentencing phase of his criminal case. The Court has reviewed the Motion, answer, and the rule 7(b) expanded record. Under rule 8 of the Rules Governing Section 2255 Proceedings, the Court determines that an evidentiary hearing is not warranted. The Court concludes that the record is sufficient and fails to establish any claim of ineffective assistance of counsel.

In order to establish a claim of ineffective assistance of counsel, a movant must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper,* 545 F.2d 457, 458 (5th Cir. 1977). If there is sufficient evidence that counsel was not ineffective in allowing the petitioner to enter into a plea, the petitioner is not entitled to habeas corpus relief. *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

**A. Pena-Marquez Did Not Receive Ineffective Assistance of Counsel in Entering Into the Plea Agreement:**

For Ground I, Pena-Marquez contends that, due to ineffective assistance of counsel, he did not knowingly and voluntarily enter into the plea agreement. (CV Doc. 1 at 2-3; CR Doc. 19 at 2-3). Pena-Marquez entered into the Fast Track Plea Agreement on November 16, 2015. (CR Doc. 13). The Fast Track Plea Agreement sets out, at length, Pena-Marquez's understanding of his rights and waiver of those rights, his understanding of the sentencing agreement, guidelines, and penalties, his understanding of the immigration removal and immigration consequences, and

his understanding of waiver of appeal rights and collateral review. (CR Doc. 13).The Fast Track Agreement, itself, contains the following statements:

> "The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with counsel and is fully satisfied with that attorney's legal representation." (CR Doc. 13 at 1, ¶ 1).
>
> "The defendant agrees and represents that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence the Court will impose. The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty." (CR Doc. 13 at 7, ¶ 10).

The record also contains the rule 11colloquy between Pena-Marquez and the Court at the plea hearing held November 16, 2015. *See* CV Doc. 10-1; CR Doc. 27-1. Pena-Marquez stated that he had been advised of his constitutional rights and understood that he was giving up those rights, that he had discussed the plea agreement with counsel and was satisfied with the advice and representation he had received, that the plea agreement had been read to him in Spanish, and that he understood each and every term of the agreement. (CV Doc. 10-1; CR Doc. 27-1). Based on the colloquy, the Court found that Pena-Marquez was competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and the plea was knowing and voluntary. (CV Doc. 10-1 at 12, lines 11-14; CR Doc. 27-1 at 12, lines 11-14).

In her Affidavit, Pena-Marquez's counsel indicates that her discussions with Pena-Marquez were conducted through a Spanish language interpreter, that she reviewed the guidelines, the plea documents, and the presentence report (PSR) with him, that he stated his understanding, signed all of the plea documents, and never indicated that he did not understand the consequences of the plea or the agreement. Based on the discussions and the fact that Pena-

5

Marquez had two previous criminal cases in federal court, counsel believed that he did understand and was competent to enter into the plea and Fast Track Plea Agreement. (CV Doc. 10-2; CR Doc. 27-2).

The record is sufficient to establish that Pena-Marquez knowingly and voluntarily entered into the Fast Track Plea Agreement. *Akridge,* 545 F.2d at 458. Further, Pena-Marquez does not contend that, but for a failure on his counsel's part, he would not have pled guilty to the charges. *Miller v. Champion,* 262 F.3d at 1072. Pena-Marquez has not shown that he received constitutionally inadequate assistance of counsel in negotiating and entering into the Fast Track Plea Agreement, and is not entitled to relief on that ground. *Allen v. Mullin,* 368 F.3d at 1246.

**B. Pena-Marquez Did Not Receive Ineffective Assistance of Counsel in the Sentencing Phase:**

In Ground Two, Pena-Marquez contends that he received ineffective assistance of counsel in the sentencing phase. Pena-Marquez argues that his counsel was ineffective because she did not object to the 16-level enhancement in the sentencing guidelines and failed to consider new guidelines that were to go into effect on November 1, 2016. (CV Doc. 14-1 at 1-3; CR Doc. 30-1 at 1-3). The record, however, does not show any sentencing error and counsel was clearly effective in her representation of Pena-Marquez at sentencing.

At the time that Pena-Marquez was sentenced in February 2016, USSG § 2L1.2(b)(1)(A)(i) provided for a 16-level enhancement based on his prior removal after being convicted of a felony drug trafficking offense in *United States v. Pena-Marquez,* D. Ariz. No. CR 09-02693-001 TUC/DCB. Pena-Marquez does not contest the prior conviction or removal, nor does he argue that USSG § 2L1.2 did not apply at the time his sentence was imposed. Instead, he argues that his counsel should have anticipated the Tenth Circuit's ruling in *United*

*States v. Martinez-Cruz,* 836 F.3d 1305 (10th Cir. 2016) and raised the *Martinez-Cruz* objection when he was sentenced seven months earlier. (CV Doc. 14-1 at 1-2; CR Doc. 30-1 at 1-2).

Pena Marquez also contends that his counsel should have requested a continuance of the sentencing in order to determine whether new guidelines that were to take effect nine months later might benefit him. (CV Doc. 14-1 at 3; CR Doc. 30-1 at 3). Pena-Marquez does not identify any specific provision or provisions in the new guidelines, nor does he establish that application of the new guidelines ***would*** have benefited him. Instead, the affidavit and argument in the record show that his counsel had considered his exposure under the new guidelines and determined that he would not benefit from them. The record shows no more than that, in retrospect, application of the new guidelines "might" or "could" have benefited him. (CV Doc. 10-2 at 4, ¶ 9, CV Doc. 14-1 at 3; CR Doc. 27-2 at 4, ¶ 9, CR Doc. 30-1 at 3). Even if counsel was ineffective in failing to object to the enhancement or consider application of the new guidelines, the record does not establish a substantial likelihood of a different result. *Harrington v. Richter,* 562 U.S. at 112.

Further, effective assistance of counsel under the Fifth Amendment does not require that counsel raise novel arguments or anticipate changes in the law. Nor is hind-sight speculation that a defendant might have received a lower sentence under different circumstances sufficient to establish constitutionally deficient assistance of counsel. *See Battle v. Workman*, 353 F. App'x 105, 110 (10th Cir. 2009). Moreover, the record establishes that counsel obtained a combined sentence of 33 months for the charges in CR 15-04047 JGC and the revocation of his supervised release in CR 16-01028 WJ. That combined sentence was within the guidelines range and 13 months less than the sentence for his prior Arizona felony drug trafficking conviction in CR 09-

02693-001 TUC/DCB. His counsel clearly provided constitutionally effective assistance in the sentencing phase of this case. *Strickland v. Washington,* 466 U.S. at 687.

### C. Counsel Was Not Ineffective in Failing to File an Appeal:

Last, for his Ground Three, Pena-Marquez claims that counsel was ineffective in not appealing his sentence. The Fast Track Plea Agreement, however, contained a clear waiver of appeal rights. The Fast Track Plea Agreement stated:

> "The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging That, the defendant knowingly waives the right to appeal the defendant's conviction(s) And any sentence . . ."

(CR Doc. 13 at 6, ¶ 7).

As set out, above, the record shows Pena-Marquez knowingly and voluntarily agreed to the appellate waiver. *United States v. Weeks,* 653 F.3d 1188, 1197, n. 4 (10th Cir. 2011). Counsel was not ineffective in failing to file an appeal in the face of that waiver. Further, Pena-Marquez does not establish any legal error in his sentencing or show how he was prejudiced by any failure to appeal. He was on notice of the sentencing range under the guidelines and received a sentence within that range. (CR Doc. 13 at 2-5; Doc. 18). The fact that he received a longer sentence than he now claims he expected does not establish any prejudice or miscarriage of justice. *United States v. Green,* 405 F.3d 1180, 1191-94 (10th Cir. 2005). Pena-Marquez is not entitled to any relief based on failure to appeal his sentence. *United States v. Maldonado,* 410 F.3d 1231, 1233-34 (10th Cir. 2005).

### CONCLUSION

Pena-Marquez fails to show that he received ineffective assistance in violation of his Fifth Amendment right to counsel. *Strickland v. Washington,* 466 U.S. at 687. The Court also determines that, under rule 11(a) of the Rules Governing Section 2255 Cases, Pena-Marquez has

failed to make a substantial showing that he has been denied a constitutional right.  The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Luis Carlos Pena-Marquez, on April 27, 2016 (CV Doc. 1; CR Doc. 19) is **DENIED**, a certificate of appealability is **DENIED** under rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered.

/s/ James G. Carr

---
UNITED STATES DISTRICT JUDGE